PEOPLE v RIDLEY

1. CONSTITUTIONAL LAW—CRIMINAL LAW—QUESTIONING BY POLICE—
EXCULPATORY STATEMENTS—INCULPATORY STATEMENTS—CUS-
TODY—DEPRIVATION OF FREEDOM—PROCEDURAL SAFEGUARDS—
SELF-INCRIMINATION.

The prosecution may not use statements, whether exculpatory or
inculpatory, stemming from questioning initiated by law en-
forcement officers after a suspect has been taken into custody
or otherwise deprived of his freedom of action in any significant
way unless it demonstrates the use of procedural safeguards
effective to secure the privilege against self-incrimination.

2. CONSTITUTIONAL LAW—CRIMINAL LAW—STATEMENTS BY DEFENDANT
—FOCUS OF INVESTIGATION—ACCUSATORY NATURE OF INVESTIGA-
TION—MIRANDA RIGHTS.

The test of whether an investigation has become accusatory at
the time a statement is made is one of focus, and, when the
investigation begins to focus on one person that person must be
advised of his constitutional rights under *Miranda v Arizona*
before he makes any statement *(Miranda v Arizona,* 384 US
436).

Appeal from Recorder's Court of Detroit, Susan
D. Borman, J. Submitted Division 1 February 11,
1975, at Lansing. (Docket No. 19317.) Decided
March 13, 1975. Leave to appeal granted, 394
Mich 793.

Raymond Ridley was convicted of breaking and
entering. Defendant appeals. Reversed and re-
manded.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Dominick R. Carnovale,*

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 29 Am Jur 2d, Evidence §§ 555–557.

Chief, Appellate Department, and *Brian D. Marzec,* Assistant Prosecuting Attorney, for the people.

*Keller, Cohn, Downs & Svenson,* for defendant on appeal.

Before: ALLEN, P. J., and T. M. BURNS and R. M. MAHER, JJ.

PER CURIAM. Defendant was found guilty by the trial judge, sitting without a jury, of breaking and entering an occupied dwelling with intent to commit larceny therein. MCLA 750.110; MSA 28.305, MCLA 767.39; MSA 28.979. Defendant was placed on five years probation and appeals.

On June 16, 1972, Officers Richard Filgo and Gene Ekaut responded to a radio call indicating a B and E in progress at a white house on the corner of Lincoln and Seldon. When they arrived, the officers found four white houses, one on each corner, and a group of people standing on Seldon, just west of Lincoln. The people were pointing toward an alley which runs north and south. In the alley, the officers saw defendant sitting in a parked car with the motor running.

Officer Filgo pulled the marked patrol car into the alley and parked it directly behind the vehicle in which defendant was sitting. Filgo approached defendant and, because he was dressed in plain clothes, identified himself by badge and card. The officer asked defendant to get out of the car and then inquired as to the whereabouts of "the two guys that were with [him]". Defendant told the officer that his two companions were inside the house located at 3907 Lincoln. Defendant was then placed under arrest and warned in accordance with *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966).

It is defendant's contention that these warnings came too late and that his statement to police concerning the whereabouts of his companions should not have been used against him at trial. We agree.

The rule enunciated in *Miranda v Arizona, supra,* at 444, states that:

"[T]he prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination. By custodial interrogation, we mean questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way."

That holding, however, did not affect "[g]eneral on-the-scene questioning * * * of citizens in the fact-finding process". *Miranda v Arizona, supra,* at 477. The test is one of "focus". That is, whether an investigation has become accusatory at the time a statement is made and therefore requires that defendant be warned in accordance with *Miranda v Arizona, supra. People v Reed,* 393 Mich 342; 224 NW2d 867 (1975).

Defendant, in the present case, was approached by a police officer who had been alerted to a B and E in progress and directed to the alley in which defendant was parked with the engine running. Defendant was asked to get out of the car. The officer was not sure whether or not his gun was out and pointed at defendant's head when he made that request. Defendant was then asked the whereabouts of "the two guys that were with [him]". We are convinced that at the time of Officer Filgo's question to defendant, the status of

the police inquiry was accusatorial in nature and defendant's statement was made while he was "deprived of his freedom of action in [a] significant way".

It was error for the trial court to admit defendant's response into evidence. This statement, according to the trial court's findings of fact, was the basis for defendant's conviction.

Reversed and remanded for a new trial.